OPINION of the Court., by
Ch. J. Boyle.
Field having become indebted to Slurgus, delivered to him a negro girl as a pledge for the payment of the sum due, and executed to Sturgus an absolute bill of sale, taking at *he same time an instrument of writing from him shewing that the girl was redeemable at any time upon the payment of the amount due. Some time after Stur-became desirous of receiving the debt due from *19 Field, and the latter not being able to make the pay-merit, applied to Charles Beeler to advance it for him. Beeler did so, upon terms agreed upon between them and received the negro girl into his possession. Stur-gus by his agent haying received the amount due to him, assurned the bill of sale from Field to Beeler, taking from Beeler at the same time a covenant to indemnify him against Field.
The mort. gageein pv.Hefli. mortgaged {ha'll account for the hire,
Beeler having departed this life, Field filed his bill against Sturgus and Beeler’s administrator, alleging that the girl was only mortgaged,or pledged as a security for the sum advanced for him, and praying that he might be permitted to redeem her.
Sturgus admits that the girl was only a pledge in his hands, acknowledges the payment of the amount for which she was pledged, and pretends no claim to her, Beeler’s administrator insists that she was purchased by his intestate from Field, and not received as a pledge.
On a final hearing of the cause the court below decreed that the bill should be dismissed with costs; from which decree Field has appealed to this court.
The main question is whether the girl was absolutely sold by Field to Beeler, or only mortgaged or pledged ? In support of the position that she was sold, and not mortgaged or pledged, the bill of sale from Field to Sturgus is produced and relied on ; and there being no exhibition on the part of Field of the instrument evidencing his right to redeem, it is contended that parol testimony is inadmissible to contravene the import of the bill of sale, and to shew that the girl was redeemable.
But it must be remarked that Beeler’s right is not derived from Sturgus, but from Field. It is founded, not upon a contract with the former, but upon a contract with the latter. The bill of sale would be evidence of.the contract between Field and Sturgus, and in the absence of any written proof of its being conditional, would, if neither fraud nor mistake had intervened, be taken to be absolute; but it is clear that it can have no effect in proving what was the nature of the contract between Field and Beeler. It is in truth wholly immaterial whether Sturgus held the girl as a pledge, or under an absolute purchase. If he held her as a pledge only, redeemable at any time, as he admits in his answer and proves by his deposition taken in th* *20 cause, then upon the debt being paid for which she was pledged, the contract by its own terms expired, and the absolute property of the girl revested in Field, subject to the contract which he had made with Beeler. But if Sturgus held the girl under an absolute purchase, it was still competent for him to give her up to Field upon the money which he had advanced being refunded ; and this might be done by parol, as th« property in a slave may be transferred without writing.
In deciding the question, therefore, whether the transaction between Field and Beeler was a sale or a pledge, it is evident that the contract between Field and Sturgus ought not to be taken into consideration.
Between Field and Beeler no writing passed, and consequently it is the oral testimony in the cause to which alone we must have recourse to ascertain the nature of their contract. That testimony satisfactorily proves that the contract was for a pledge or mortgage of the girl, and not for an absolute sale. There is indeed some contrariety in the evidence, but so decisive in our estimation is the preponderance that the transaction was a pledge only, that we cannot entertain a doubt upon the subject.
But it is objected that the heirs of Beeler ought to have been made defendants to the bill, and this not having been done it is contended that the decree of the inferior court is on that ground justifiable. This objection is founded upon the supposition that the right to the girl-descended ta the heirs. But a mortgaged estate, although it be of lands in fee simple, is in equity considered as belonging to the personal representative of the mortgagee, and not to his heir ; and as the administrator has the power by law to sell aud transfer a slave for the payment of debts* there seems no necessity for making the heir a party to redeem.
• We are therefore of opinion that the decree of the, court below, so far as it dismissed the bill as to the administrator of Beeler, is erroneous, Field ought to be permitted to redeem the girl and her child or children, if she shall have had any, upon repaying the amount advanced by Beeler for him, together with interest thereon, after deducting a reasonable sum for the use of the girl. As to the amount which was advanced by Beeler for Field, the evidence is not as satisfactory as *21 it might be : it is however pretty clear that fifty pounds was advanced to Sturgus, and there is a strong probability that twenty- five dollars more was advanced to Field himself ; and for the amount of these sums wa think Field ought to account.
The dismission of the bill as to Sturgus, was correct. He had no interest in the girl and set up no claim to her, and it does not seem necessary that he should have been a party to the suit.
It is therefore decreed and ordered that the decree of the Jefferson circuit court, so far as it dismisses the bill as to Sturgus, be affirmed; and that so far as it dis, jnisses. the billas to Beeler’s administrator, it be reversed and set aside ; and that the cause be remanded to said court, in order that the accounts may, by a commissioner to be appointed for that purpose, be adjusted, and a final decree entered according to the foregoing opinion. Beeler to pay costs, &c.