Judge Underwood
delivered the opinion of the court. Judge Nicholas did mt sit. .
On the 7th of January, 1828, Bishop executed an absolute bill of sale to Rutledge, for a slave, in consideration of $200, paid him. On the same day Rutledge hound himself to Bishop in the penalty of $400 to reconvey the slave whenever the $200 were paid, provided the slave was living at that time; but if the slave died before the payment of the money, then Bishop was still held bound for the money,
On the 22d of January,.1830, Bishop filed his bill against Rutledge for the purpose of redeeming the slave, treating the transaction as a mortgage tainted with usury. The court dismissed his bill without prejudice.
Viewing the contract between the parties as evidenced by the writings, there can be no doubt that it was only a pledge or mortgage of the slave for the purpose of securing the payment of $200 advanced, and that it was intended to balance the interest of the money with the services of the slave; and so far usurious, according to repeated decisions of this court. Under this view we perceive no reason why relief should not have been granted. All that RutJedge could equitably demand was a return of his ' *218 $200 with interest from the time he advanced it, subject to a credit for thé valué of the services of the slave. The court should havé adjusted the amount agreeably to this rule, and if a balance remained in favor of Rutledge, the slave should have been sold to raise it, if not paid on a day fixed for that purpose. This doctrine is in conformity to the principles settled in the case of Field vs. Beeíer, &C; 3 Bibb, 19.
flavo. went of $200 advanced & that it was designed to balance the intorestoftho Against the servicesofthe so far usurious; and that ail^ B was a return of his $200 do.1 interest, orecldtottfo amount of the value of the scrviccs of the
Crockett and Sharp for plaintiff; Morchmd, for cfc f&ndant.
But Rutledge contends that there has been a mis*ake ln f’edducing their contract to writing in this», that it was agreed that he should possess and enjoy the services of the slave for one year before Bishop couM redeem: whereas according to the writing, Bishop had the right to redeem before the expiration of one year from the date of the contract. If ^ conceded that the mistake contended for exists, we do not perceive how it alters the merits of the present controversy. The Bill was not filed until af¿er expiration of two years from the date of the contract. It may however he contended that if Bishop did not redeem on the last day of the year which Rutledge was to hold the slave, that his failure, amounted to a forfeiture of his right to redeem forever thereafter. Such a construction we conceive would be in direct opposition to the obvious meaning of the contract, and cannot be tolerated.— We do not perceive the least foundation for regarding the transaction as a conditional sale.
The decree is reversed with costs and the cause remanded for proceedings in conformity to this opinion.
If Bishop’s claim for hire was not equal at the time he filed his hill to the principal and interest of the $200 due Rutledge, Bishop is not entitled to costs in the circuit court,