SCHWICKERATH, Administratrix, vs. LOHEN.

*February 24 — March 9, 1880.*

| | |
|---|---|
| 48 | 599 |
| 116 | ¹508 |

EQUITY: JURISDICTION: PLEADING.  *(1) Jurisdiction of action for an accounting.  (2) How objection to equitable jurisdiction must be taken.*

1. The complaint of an administratrix, for an accounting, alleges that defendant, as agent of plaintiff's intestate, received from the latter certain moneys to loan for him, and has not fully accounted therefor; and that plaintiff is not in possession of any books, papers or memoranda, by which the amount or the investment thereof can be ascertained. *Held*, that (notwithstanding the statute which supersedes the proceeding by bill in equity for a *discovery*, in aid of another action) the complaint states a good cause of action in equity.

2. After an answer in this action, accounting in part, and alleging a settlement, it was too late to object generally at the trial to the introduction of any evidence under the complaint, on the ground that the complaint did not state a cause of action within the equity jurisdiction of the court.

APPEAL from the Circuit Court for *Washington* County. The cause was submitted on the brief of *Frisby, Weil & Barney* for the appellant, and that of *O'Meara & Miller* for the respondent.

For the appellant it was argued, 1. That equity has concurrent jurisdiction with law in all matters of account, and especially where the remedy at law is inadequate or doubtful. *Ludlow v. Simond*, 2 Caines' Cas., 1 (2 Am. Cas., 291 and notes); 1 Story's Eq. Jur., § 458 and note 1, and §§ 463-4; Willard's Eq., §§ 90-92, 104; *Hawley v. Cramer*, 4 Cow., 717, 726-7; *Southgate v. Montgomery*, 1 Paige, 41. This jurisdiction is not affected by the code. 4 Sandf. Ch., 682. Under our constitution, the legislature cannot take anything from the original or primary jurisdiction of equity, and give it to law. *Deery v. McClintock*, 31 Wis., 195. 2. That the objection that plaintiff has an adequate remedy at law, must be taken at the first opportunity, by answer or demurrer. *Tenney v. State Bank*, 20 Wis., 152, 163-4; *Boorman v.*

*Sunnuchs*, 42 id., 233, 246–7; *Ludlow v. Simond, supra; Livingston v. Livingston*, 8 Am. Dec., 562; *Wiswall v. Hall*, 3 Paige, 313; *Le Roy v. Platt*, 4 id., 77; *Grandin v. Le Roy*, 2 id., 509.

For the respondent it was argued, 1. That before the statute, equity, having taken jurisdiction in a case like this *for the purpose of a discovery*, proceeded to decide the cause and grant full relief without turning the parties over to their remedy at law. *Chichester v. Vass*, 1 Munf., 98 (4 Am. Dec., 531); *Middletown Bank v. Russ*, 3 Conn., 135 (8 Am. Dec., 164); *Kearny v. Jeffries*, 48 Miss., 343. 2. That since actions for discovery have been abolished (R. S. 1858, ch. 137, sec. 55; R. S. 1878, sec. 1096), the proper practice in cases like this is that approved in *Williams M. & R. Co. v. Raynor*, 38 Wis., 132. See also *Riopelle v. Doellner*, 26 Mich., 102; *Glenny v. Stedwell*, 51 How. Pr., 329. 3. That, omitting from the complaint what relates to a discovery, plaintiff has an adequate remedy at law, and equity will not take jurisdiction. *Cone v. East Haddam Bank*, 39 Conn., 86; *Lafever v. Billmyer*, 5 W. Va., 33.

ORTON, J. This action, in the nature of a bill in equity, is brought by the executrix against the defendant as the agent of the intestate while living, who received certain moneys from him for the purpose of loaning the same, and has not fully accounted for the same, and the plaintiff is not in possession of any books, papers or memoranda by which the amount or investment thereof can be ascertained. The defendant answered, accounting in part, and alleging a settlement with the intestate. The circuit court dismissed the complaint on the objection of the defendant to the introduction of any evidence under it, on the ground that the complaint did not state a cause of action, or one within the jurisdiction of a court of equity.

The complaint appears to state a good cause of action; and

the only real· question is, whether the relief sought is within the jurisdiction of a court of equity. It is true that by the statute (section 55, ch. 137, R. S. 1858; section 4096, R. S. 1878) "no action to obtain discovery under oath, in aid of the prosecution or defense of another action, shall be allowed;" but this˙does not affect the question of ˙the jurisdiction of a court of equity in any proper case for an *accounting.* Whether the accounts between the parties are mutual or˙not, where a *discovery* is a necessary part of the accounting, as in this case, the jurisdiction of ·a court of equity is unquestion- ˉable. Willard's Eq. Jur., 91, and notes 24 and 28; 1 Story's Eq. Jur., § 458 and note 4, and § 463 and notes. This prin- ciple is elementary, and supported by uniform authority; and this case, as made by the complaint, is clearly within the principle.

After answer, and especially after such an answer, account- ing in part and pleading settlement, the jurisdiction of the court is conceded, or at ·least objections to it must be deemed to have been waived. Such objection must be taken specially and as preliminary, by demurrer or ˌanswer, or it will be treated as waived. 1 Story's Eq. Jur., § 464; *Jones v. Col- lins,* 16 Wis., 594; *Tenney v. State Bank,* 20 Wis., 152; *Boorman v. Sunnuchs,* 42 Wis., 233.

*By the Court.* — The judgment of the circuit court is re- versed, and the cause remanded for a new trial.