## MERRILL vs. MERRILL and another.

*November 12— November 22, 1881.*

PLEADING.    *Complaint construed and held sufficient, notwithstanding needless averments.*

1. The complaint shows that defendants hold possession of plaintiff's personal property in trust to sell so much thereof as may be sufficient to pay certain debts of plaintiff to the defendants, and a note of plaintiff to a third person, signed also by defendants, and to return the balance of the money and property to plaintiff; that they retain an indefinite part of the property and an indefinite overplus of moneys raised by sales, without applying the same as agreed, or returning the balance; and that they have refused to account on demand. It prays that they be adjudged to pay into court the amount of said note, to apply the other moneys in their hands as agreed, and to return the balance of said moneys and property to plaintiff. It does not specifically ask for an accounting; and it states other facts appropriate only to an action of trover. *Held,* that, construing the complaint liberally, it will be treated, on demurrer, as one in equity for an accounting and enforcement of the trusts above stated; and as such it states a good and single cause of action.

2. The obligations of the defendants being ascertainable from the written instruments executed by the parties, and such parol proof as is admissible of the situation of the property and other circumstances existing at the date of such instruments, the complaint is not bad on demurrer because it further alleges facts provable only by parol, and which would vary the contract.

APPEAL from the Circuit Court for *Jackson* County.

The defendants appealed from an order overruling their demurrer to the complaint. The pleadings will sufficiently appear from the opinion.

The cause was submitted on the brief of *Carl C. Pope* for the appellants, and that of *Morrow & Masters* for the respondent.

ORTON, J. A demurrer to the complaint on the grounds, *first*, that several causes of action were improperly joined, and *second*, that no cause of action is stated, was overruled, and the defendants appealed. The facts are substantially stated in the complaint as follows:

The defendants signed with the plaintiff a note for $300, to one Downer, for the purchase by the plaintiff of him of standing timber on a certain tract of land, and the plaintiff gave to the defendants a mortgage upon such timber, to secure them against the payment of the note, and in such mortgage it was agreed that the timber, when cut, should be carried to the mill of the defendants to be manufactured into lumber, and that such lumber should be sold, and the proceeds applied to the payment of the note. Afterwards, the plaintiff became indebted to the defendants in the sum of $450, more or less (the real amount not then ascertained), on book account, and it was agreed between the parties that such timber should be transferred by the plaintiff to the defendants; that it should be manufactured into lumber at their mill; and that they should sell a sufficient quantity thereof to pay the Downer note and satisfy and discharge their account against the plaintiff, and to reimburse them for the cost of manufacturing, and should return to the plaintiff the balance of the proceeds, if any, and the remaining logs or lumber unsold.

Accordingly the plaintiff executed a bill of sale of the timber to the defendants for the purpose of carrying out such arrangement, and for no other purpose, and the defendants

agreed in writing to relinquish to the plaintiff the residue of
the logs and lumber, and proceeds thereof, after paying said
note and the said claims of the defendants.   In pursuance of
this agreement, the plaintiff cut from said land, and delivered
to the defendants at their mill, 3,900 logs, scaling 543,000 feet
of boards, of the value of $2,212; and prior to the commence-
ment of this suit the defendants had received, on sales of said
lumber, money sufficient to reimburse them for its manufac-
ture, and to pay said note and account, and leave a balance in
their hands of over $300 in cash, besides the logs and lumber
unsold, of the value of at least $1,400.   The defendants have
not paid said note, or discharged said account, or paid any-
thing to the plaintiff, or delivered back to him said logs or
lumber, or accounted for the same in any way, and, on demand
by the plaintiff, have refused so to do, and have converted the
said moneys, logs and lumber to their own use.   There is a
specific prayer that the defendants pay into court such moneys,
to be applied to the payment of said note, and that the balance
of the proceeds of such logs and lumber, over and above the
satisfaction of said account and the cost of manufacturing said
lumber, be paid to the plaintiff, and that judgment be rendered
therefor; and there is a general prayer for other relief.

   The complaint is long, rambling and somewhat incoherent,
and contains here and there allegations of *conversion and
money demands*, which appear, on casual reading, to state
several and inconsistent causes of action, but which are really
unnecessary to the general scope and purpose of the complaint;
and they are stated as facts in the general history of the case,
rather than as legal conclusions indicating the form of the
action; and by a liberal construction of the complaint they
should be so considered.   The complaint clearly shows a ne-
cessity for an accounting by the defendants of the logs and
lumber, and the proceeds thereof which came into their hands,
as well as a discovery of their claims against the same; and,
besides, it states a trust in the defendants of the property con-

Merrill vs. Merrill and another.

veyed to them for certain purposes, which they have violated. The complaint, therefore, states three good and sufficient grounds for the interposition of a court of equity, and makes it sufficiently appear that there is no clear and adequate remedy at law; and we think it substantially and consistently states a good cause of action for an accounting, discovery, and the proper application of the trust property and its proceeds to the purposes expressed in the agreements of the parties. Whether this transaction is treated as a mortgage or as a pledge, the mortgagee or pledgee, having had possession of the property for certain purposes only, and in trust for the mortgagor or pledgor, may be made to account in a court of equity. Willard's Eq. Jur., 446, 457. And being so in possession by virtue of the contract prescribing his duties, he may be compelled in equity to perform his duty and discharge the trust. Willard's Eq. Jur., 471; *Brown v. Runals*, 14 Wis., 693; *Tenney v. State Bank*, 20 Wis., 152.

The objection that the complaint states facts outside of the written agreements of the parties, which, if proved by parol, will vary or add to such written agreements, and that therefore such facts, if necessary to the statement of a cause of action, cannot be considered, is not well taken; for the whole contract may be sufficiently ascertained from the mortgage and agreement therein, the bill of sale, and the written agreement to reconvey the property after the payment of the claims upon it, with such proof of the situation of the property and the circumstances under which the written agreements were made, as the law allows in all such cases. *Sigerson v. Cushing*, 14 Wis., 527.

The view we have taken of this complaint seems to be different from that of the learned counsel of the respondent in his brief, for it is claimed by him that it states a clear cause of action in trover, and, at the same time, asks for both equitable and legal relief, and that it is not a case for an accounting,

because an accounting is not asked.   If this is so, the complaint is clearly bad for duplicity.

The complaint states that an accounting has been demanded and refused, and certainly the general prayer is broad enough to entitle the plaintiff to such relief, if the facts warrant it; and, in order to give the plaintiff the relief which he specifically prays for, an accounting is necessary.   Here the defendants, under the contracts, had a right to the possession of the logs and lumber, and the right to sell the same and apply the proceeds to certain specific purposes.   They have sold the property, but have not applied the proceeds to such purposes. They still have the right to so apply the proceeds, because by the contract they are to be applied to the payment of their own claims against the plaintiff and of the note for which they stand security; and indeed the complaint asks that such application of the proceeds be made.   The defendants have by sales converted the property into money to an amount greater than necessary to liquidate such claims, and retain in their hands such indefinite overplus of moneys, and an indefinite portion of the logs and lumber unsold, to ascertain which an accounting had been demanded, and when ascertained the plaintiff asks that the residue of such money and property be returned to him.   It is impossible to find any action at law in which this full relief can be obtained.

In cases of trusts in relation to particular chattels, a bill in equity will lie to enforce the trusts and compel a retransfer of the property.   2 Story's Eq. Jur., §§ 724, 1032; *Upham v. Brooks*, 2 Story C. C., 623; *Clark v. Flint*, 22 Pick., 231; *Wilkins v. Sears*, 4 Mon., 344; *Field v. Beeler*, 3 Bibb, 19; *Reed v. Lansdale*, Hardin, 6; *Shannon v. Speers*, 2 Marsh., 311; *Geisse v. Beall*, 3 Wis., 367; *Barr v. Lapsley*, 1 Wheat., 151; *Mech. Bank of A. v. Seton*, 1 Pet., 305.

We dislike to be compelled to define and classify the action in such a case, where the complaint is so indefinite and con-

fused in its allegations, and where the learned counsel on both sides so widely disagree, and especially to be compelled, in doing so, to differ so radically from the pleader himself; but we are satisfied that the complaint may be sustained on demurrer as substantially stating a case in equity for the relief sought, and can be sustained on no other theory.

*By the Court.*—The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.