RIPPE vs. STOGDILL and another.

*September 3 — September 23, 1884.*

*Equity: Accounting: Fiduciary relation between principal and agent: Pleading construed: Joinder of causes of action.*

The complaint in an action for an accounting alleged that the plaintiff entrusted large sums of money to the defendants to be loaned by them on first mortgage securities in amounts not exceeding one third of the cash value of the lands; that the defendants loaned such moneys on worthless or grossly inadequate securities and upon second and third mortgages. receiving large bonuses from the borrowers; that they have foreclosed many of the mortgages without plaintiff's knowledge, bidding in the lands in his name and paying the taxable costs and large solicitor's fees to themselves out of money in their hands belonging to him; that they have collected principal and interest on many of said loans and have converted the same to their own use; that at a certain time

Rippe vs. Stogdill and another.

the plaintiff placed in their hands the sum of $398 with which to pay certain costs in certain actions, and that they failed so to do and converted said money to their own use; that they have neglected and refused to render any account of the moneys received by them and of their doings in the premises, and that the evidence of such transactions is principally in their possession. *Held:*

(1) The complaint states an equitable cause of action. A fiduciary relation existing between the parties it is immaterial that there were no *mutual* accounts.

(2) The allegation in respect to the conversion of the $398, standing alone, would state a legal cause of action, but, liberally construed, is *held* to relate to costs in actions to enforce payment of the loans, and not to have been intended as a statement of an independent cause of action. There was therefore no misjoinder.

APPEAL from the Circuit Court for *La Crosse* County.

This is an appeal from an order overruling a demurrer to the complaint in the action. The allegations of the complaint are sufficiently set forth in the brief of counsel for the defendants, as follows:

"The facts stated by the complaint are, briefly, that the defendants are copartners and attorneys at law in La Crosse, Wisconsin; that on or about the 20th of November, 1874, the plaintiff entered into an arrangement with the defendants by which they agreed to receive money from him and loan the same, as his agents, attorneys, and trustees, upon real estate in the counties of La Crosse, Trempealeau, and Monroe; that at divers and sundry times between November, 1874, and the 1st day of January, 1881, the plaintiff deposited in the hands of the defendants, under such arrangement, the sum of $20,000; that the defendants wilfully, wrongfully, and fraudulently, and in violation of their said agreement, loaned the money to divers irresponsible persons upon grossly inadequate and in many cases worthless security, by reason of which the plaintiff will be unable to collect or realize the amounts so loaned, or any part thereof; that many of the loans were upon second and third mortgages, while the defendants had agreed to loan upon first

mortgages; that the defendants received large bonuses from the borrowers, and caused to be inserted large solicitors' and attorneys' fees in said mortgages, to be paid by the mortgagors in case of foreclosure; that notwithstanding the worthlessness of said loans, and with the intent to gain to themselves large sums inserted in said mortgages as solicitors' fees, together with the taxable costs, and without the knowledge or consent of the plaintiff, the defendants foreclosed many of said mortgages and bid the premises in in the name of the plaintiff, and paid said costs and attorneys' fees out of moneys in their hands belonging to the plaintiff; that the defendants collected principal and interest on many of said loans which they have converted to their own use, and neglect and refuse to account to the plaintiff therefor; that the defendants extended the time for payment on many of said loans in consideration of chattel mortgages executed by the borrowers, and that they foreclosed said chattel mortgages and sold the property covered thereby, and have neglected and refused to account to the plaintiff therefor, or any part thereof."

Then follows this allegation: "And the plaintiff further shows that on or about the 1st day of January, A. D. 1882, the plaintiff placed in the hands of the defendants a sum of money, to wit, about the sum of $398, with which to pay certain costs in certain actions in this court, among which was a bill of E. S. Hotchkiss, for services as sheriff, rendered in said actions, and which the defendants promised and agreed to pay therewith; that the defendants failed and refused so to do, and have converted the said money to their own use."

The remainder of the complaint is thus stated by the same counsel: "That the plaintiff has demanded an accounting, and called upon the defendants to pay over the money deposited with them to be loaned as aforesaid, and the money received and collected by them belonging to the plaintiff,

Rippe vs. Stogdill and another.

which the defendants have refused to do, except to tender to plaintiff certain worthless and uncollectible notes and mortgages, which the plaintiff refused to accept; that the account and evidence of the transactions are principally in the defendants' possession, and they refuse to exhibit the same to the plaintiff; that the plaintiff is unable to ascertain his loss without an accounting first being had between the parties, but alleges that the same is not less than $15,000; and prays judgment that an account may be stated under the direction of the court, and the defendants adjudged to pay the amount found due on such account, and that the plaintiff may have such other and further relief as may be just and equitable."

The grounds of demurrer alleged are (1) that the court has no jurisdiction of the subject of the action; (2) that several causes of action have been improperly united in said complaint; (3) that the complaint does not state facts sufficient to constitute a cause of action.

For the appellants there was a brief by *Cameron, Losey & Bunn*, and oral argument by *Mr. Bunn*. They cited Story's Eq. Jur. secs. 442*a*, 455, 456, 458, 459, 462*a*–464; *Smith v. Leveaux*, 9 L. T. Rep. (N. S.), 313; *Mackenzie v. Johnston*, 4 Madd. 374; *Frietas v. Dos Santas*, 1 Younge & J. 574; *King v. Rossett*, 2 id. 33; *Haskins v. Burr*, 106 Mass. 48; *Moxon v. Bright*, L. R. 4 Ch. App. 292; *Smith v. Leveaux*, 2 De G., J. & S. 1.

For the respondent there was a brief by *Higbee & Comstock*, and oral argument by *Mr. Higbee*. To the point that in all cases between principal and agent where confidence and trust are reposed, or where the matters sought are peculiarly within the knowledge of the agent, equity will assume jurisdiction and entertain an action for an accounting, they cited: Pomeroy's Eq. Jur. secs. 186, 1088–1097; Jeremy on Equity, 513, 514; *Clarke v. Pierce*, 17 N. W. Rep. 780; 5 Wait's Pr. 664; *Merrill v. Merrill*, 53 Wis. 522;

*Schwickerath v. Lohen*, 48 id. 599. And where there are complications the case is made stronger. *Walker v. Spencer*, 13 Jones & S. (N. Y. Super. Ct.), 71; *Haldsted v. Rabb*, 8 Porter (Ala.), 63.

LYON, J. By the complaint under consideration the plaintiff invokes the equitable jurisdiction of the court, and the chief question presented by the appeal is, Does it state an equitable as distinguished from a legal cause of action?

We think this question must be answered in the affirmative. The complaint shows that the defendants stood in a fiduciary relation to the plaintiff in respect to the money which they received from him to be loaned. The averment is that the plaintiff intrusted them with his money on the faith of their representations that they were familiar with the value of the lands, on the security of which it was proposed to loan the money, and that they had large experience in the business of negotiating loans upon réal estate security; and upon the faith of their promise that they would only loan plaintiff's money on first mortgage securities, and then only to the amount of one third the cash value of the land mortgaged. It was not only the duty of the defendants to fulfil these promises, but also to keep true, full, and accurate accounts of their dealings with the plaintiff's money so intrusted to them, and to render such account to the plaintiff on reasonable request. The complaint alleges an utter disregard of their duty in both respects. It charges that they loaned the plaintiff's money on worthless or grossly insufficient securities, and that they refuse to render him an account of their doings in the premises. It also charges upon the defendants other violations of duty growing out of their management of the securities after they had made the loans.

That such a case is a proper one for the equitable interposition of the court is so well settled, both in English and American jurisprudence, that it is quite unnecessary to cite

authorities to support the proposition. It is so laid down by all the standard text writers on the subject, and is affirmed and applied in numerous adjudged cases in this court and elsewhere. Some of the authorities are cited in the brief of counsel for the plaintiff. To these may be added the case of *Power v. Power*, L. R. 13 Ir. Ch. Div. 281, which is a very instructive case on this subject. See, also, *Schwickerath v. Lohen*, 48 Wis. 599; *Merrill v. Merrill*, 53 Wis. 522.

The authorities cited by counsel for the defendants do not deny equitable jurisdiction in a case like this, where a fiduciary or *quasi* trust relation exists between the parties in respect to the cause of action, and the plaintiff is entitled to an accounting. In such a case it is quite immaterial that there are no *mutual* accounts between the parties.

Moreover, the complaint shows substantially that the defendants have invested the plaintiff's money intrusted to them, and that he does not know, and they refuse to inform him, what they have done with it. On this showing, the account which it is their duty to render will operate as a discovery, and this is a distinct ground for the interposition of a court of equity.

It is further claimed that in the complaint there is an improper joinder of causes of action. This is founded upon the allegation therein to the effect that the defendants have converted to their own use $398 intrusted to them by the plaintiff for the purpose of paying certain costs. Standing alone, this is merely a statement of a legal cause of action. It cannot properly be joined with an equitable cause of action unless it arises out of " the same transaction, or transactions connected with the same subject of action." R. S. sec. 2647. The subject of the equitable action is not only the money intrusted by the plaintiff to the defendants for investment, but their subsequent dealings with the securities taken therefor. Hence, if the costs, to the payment of which the $398 was to be applied, were incurred in actions

brought to enforce payment of such loans, the legal cause of action arose out of the same subject as did the equitable cause of action stated in the complaint, and is properly joined therewith.

Although it is not directly averred in the complaint that the costs were incurred in actions to collect such loans, the averment is evidently inserted as part of the history of the defendants' conduct in respect to the loans and securities, and was not intended as a statement of an independent cause of action. Under the liberal rule which now prevails for the construction of pleadings, we think it may fairly be inferred from the whole complaint that the costs which the $398 was advanced to pay, were incurred in actions brought to enforce payment of such loans. Thus construed, there is no improper joinder of causes of action in the complaint.

*By the Court.* — The order overruling the demurrer to the complaint is affirmed.