Rollins v. Hare.

Filed June 19, 1896.

---

No. 2,140.

## ROLLINS v. HARE.

CONTRACT.—*Consideration.*—*Validity.*—*Warehouse Receipt.*—Where a judgment defendant delivered to his attorney (R.) a warehouse receipt for wheat, with instructions to sell the wheat when the price would justify, and apply the proceeds on the judgments, and

such judgment defendant died, owing R. $100 for services rendered in connection with such judgments, and R. notified the attorney (H.) of the judgment plaintiff that he held a lien on the warehouse receipt for $100, for legal services rendered the judgment defendant, and it was agreed, by and between R. and H., that H. should sell the wheat and pay R. $100 of the proceeds and apply the remainder on the judgments, the possession of the warehouse receipt and the $100 was sufficient consideration to support H.'s promise to pay R. $100 of the proceeds, and the contract was valid and binding.

SAME.—Defense.—What Must be Specifically Pleaded.—In such case H. cannot escape his liability to pay the $100 to R., by asserting that a third party notified him not to pay it to R., or that the money belongs to someone else; such defenses, to be available, must be pleaded.

From the Marion Superior Court.

*C. S. Wiltsie*, for appellant.

*Carson & Good*, for appellee.

LOTZ, J.—The appellant was the plaintiff below. The facts of the case, as they appear from the special findings of the court, are substantially as follows:

One Maria Ritzinger recovered two judgments in the Marion Superior Court against Charles Orme and Eli Orme. These judgments aggregated $3,315.93. Whilst the judgment was against both, Charles Orme was the principal, and Eli Orme his surety, or guarantor. The defendant was the attorney of Mrs. Ritzinger in procuring the judgments. The plaintiff was the regular attorney of Charles Orme, but did not represent him in reference to the judgments until after they were obtained. Eli Orme died in July, 1893, and an administrator was appointed for his estate. Afterwards, in the fall of the year of 1893, Charles Orme delivered to the plaintiff a warehouse receipt for six hundred bushels of wheat, with instructions and directions to plaintiff to sell the wheat when the price would justify, and apply the proceeds on the Ritzinger judgments. The defendant and the administrator of

the estate of Eli Orme had knowledge of the fact that the receipt had been so delivered to the plaintiff, and the purposes of such delivery. Afterward the plaintiff rendered services for Charles Orme in connection with such judgments, which services were worth $100.00, and said Charles Orme became indebted to him in that sum, which indebtedness he never paid. In October, 1894, Charles Orme died, leaving the plaintiff in possession of the warehouse receipt, and leaving unpaid on such judgments a large amount in excess of the value of said receipt. In December, 1894, the plaintiff notified the defendant that he, plaintiff, held a lien on the warehouse receipt for the sum of $100.00, for legal services rendered to Charles Orme, as aforesaid, and it was then agreed, between the plaintiff and defendant, that the plaintiff should deliver the receipt to the defendant, and that the defendant should sell the wheat and pay the plaintiff $100.00 of the proceeds of such sale, it being understood that the remainder of such proceeds should be applied to the satisfaction of the judgments. In accordance with such agreement, and not otherwise, the plaintiff did deliver the said receipt to the defendant, and the defendant sold the same, and realized therefrom, after paying all charges, $188.20. Thereupon the attorneys for the administrator of the estate of Eli Orme notified the defendant not to deliver the $100.00 to the plaintiff, but demanded that he credit the entire proceeds of the sale upon the judgments. The defendant credited on the judgments $88.20, and refused to pay the $100.00, or any part thereof, to the plaintiff on demand, and still has the same in his possession.

The estate of Charles Orme is insolvent, and the estate of Eli Orme is solvent.

Upon these facts the court stated conclusions of

law and rendered judgment in favor of the appellee. The only error assigned is that the trial court erred in its conclusions of law.

The complaint is in two paragraphs, the first declaring on the promise made by the defendant when the receipt was delivered to him, and the second is for money had and received. The only answers were the general denial and want of consideration.

Assuming, without deciding, that the appellant held no lien upon the warehouse receipt, and assuming, without deciding, that the appellant was a trustee in relation to such receipt, it still remains to be determined, under the issues joined and facts found, who is entitled to the $100.00, the appellant or the appellee?

The appellee agreed with the appellant to pay him $100.00 of the proceeds of the warehouse receipt. This was a contract which the appellee had a right to make. The promise was not without consideration, for he obtained possession of the receipt and the $100.00, which he still retains, by reason thereof. He did not seek in any way to avoid his contract with the appellant, except on the ground of want of consideration. He filed no answer or pleading of any kind to show that the money belonged to his client, Mrs. Ritzinger. He did not pay the money into court and interplead either Mrs. Ritzinger or the administrator of the estate of Eli Orme, nor are they parties to this action. The mere fact that he was notified by a third party not to pay the money to appellant, does not discharge him from his contractual obligation with the appellant. The administrator of the estate of Eli Orme did not interpose or file any pleading showing that the money should be paid on the Ritzinger judgments; nor did Mrs. Ritzinger make any such claim, either in her own name or by her attorney. The facts found in re-

lation to the rights of Mrs. Ritzinger and of the administrator of the estate of Eli Orme, are not within the issues, and cannot be considered· for any purpose. Nor is there any finding that the appellee was holding the money for Mrs. Ritzinger, or as her attorney, or that he had any intention of paying it upon the judgments. He had promised to pay it to the appellant. This promise was valid and binding upon him. He cannot escape liability by asserting that a third party has notified him not to pay it to the appellant, or that the money belongs to some one else. If he wished to avail himself of such defenses he should have interposed them. If the appellant was a trustee, he was entitled to the money as against all persons, except the *cestui que trust*, or those who had a right to have it applied to a certain purpose.

It may be that the money in the hands of the appellant would be subject to all the rights and equities of Mrs. Ritzinger, and of the estate of Eli Orme, the same as the warehouse receipt was before it was converted into money. But as to this we decide nothing, for no such question is before us. What we do decide is, that, under the issues joined and the facts found, the appellee was bound to pay the $100.00, proceeds of the sale of wheat, to the appellant.

Judgment reversed, with instructions to the trial court to restate the conclusions of law in accordance with this opinion, and to render judgment in favor of appellant.

Filed June 19, 1895.