SOMERVAILL and others, Respondents, vs. McDERMOTT, Appellant.

*January 13—February 3, 1903.*

*Equity: Jurisdiction: Accounting: Fraud: Pleading: Burden of proof: Cause of action: Survival: Joinder: Parties.*

1. In an action brought against the confidential agent of plaintiffs' intestate, the complaint alleged, in substance, that through many years the defendant, as a fiduciary, and in a position of

special trust and confidence, acquired control of divers amounts of his principal's money, some known, some partly known, and some unknown, some from her, and some from others for her, all of which his duty required him to apply for her benefit; that he had made no accounting of his dealings with these moneys; that the facts in relation thereto were all within his knowledge, and many of them not within the knowledge of the plantiffs, nor, indeed, of the deceased principal. The prayer was that defendant be required to account, and pay to plaintiffs such sums as the accounting disclosed remained in his hands as such fiduciary. *Held*, that the complaint presented a case for equity jurisdiction.

2. In an action in equity against a fiduciary for an accounting, based on improper dealings with property held in such capacity, the burden of disclosure rests on the fiduciary, and the plaintiff is relieved from the original necessity of specifying and proving in detail the various breaches of trust. *Allen v. Frawley*, 106 Wis. 638, distinguished.

3. Sec. 4253, Stats. 1898, provides that, in addition to actions which survive at common law, actions for recovery of personal property, for the unlawful withholding or conversion thereof, and equitable actions to set aside conveyance of real estate, and to compel a reconveyance, shall also survive. Action was brought by an administrator, based on allegations that defendant, who had been the confidential agent of his intestate, had induced decedent to purchase land at excessive prices, to defendant's benefit, and that he had retained to his own use moneys collected belonging to decedent. The relief prayed was that such conveyances be declared fraudulent, and for an accounting. *Held*, that the cause of action alleged survived independent of sec. 4253.

4. In such action, the complaint considered and *held* to state a cause of action to recover defendant's gains upon implied contract or resulting trust, and not in tort for damages.

5. A cause of action in equity to obtain an accounting, and payment of the amount of money disclosed to be due, is none the less single because it involves numerous items of property for which defendant is sought to be charged, and items of money or property coming into his fiduciary control in different ways.

6. A complaint seeking rescission of certain conveyances of land, and return of the ostensible title to defendant, but seeking it only as a necessary adjunct to the main purpose of compelling him to account for what he wrongfully detains, presents a single cause of action.

7. Demurrer to a complaint for misjoinder of causes of action does not raise the question of misjoinder of parties plaintiff.

8. In equity the arrangement of parties is of little importance, and can be regulated by the court at any time, in its discretion.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Appeal from order overruling demurrer to the complaint, which asserts substantially the following facts: The defendant, for a number of years prior to her death, in 1897, was the trusted agent of Margaret Somervaill, who died at the age of about eighty, and for many years prior had been feeble, mentally and physically, and largely incapable of caring for her own affairs; that as such agent he committed various acts of breach of trust, to his own benefit, consisting in procuring the purchase by said Margaret of various parcels of real estate at grossly excessive prices, far above the true cost thereof to him, and thereby perverting to his own use large amounts of money in his hands as agent; also in using money of hers in his hands to pay taxes and other expenses upon such improperly purchased lands; also in that he received, and neglected to pay over, considerable sums of money from debtors of said Margaret. The amounts, in detail, of such transactions, were wholly within the knowledge and accounts of the defendant. The suit was brought by the administrator of Margaret Somervaill's estate, joining as plaintiffs all her heirs at law, several of whom are not *sui juris*, tendering rescission and return to the defendant of the legal title to all of said real estate so alleged to have been fraudulently purchased on her behalf by him, and prayed that such conveyances of real estate be declared fraudulent, and be set aside, and the title be reconveyed to the defendant; that the defendant be required to pay the specified sums received by him for said real estate, together with interest; and that he be required to account for all sums of money belonging to the deceased improperly retained in his hands as agent; and for

general relief. The demurrer was on two grounds: First, improper joinder of causes of action; second, failure to state facts sufficient to constitute a cause of action.

For the appellant the cause was submitted on the brief of *Edward S. Bragg.*

For the respondents there was a brief by *Swett & Ecke,* and oral argument by *H. E. Swett.*

DODGE, J. In meeting the grounds of the demurrer, the natural sequence of inquiries is: First, whether any cause of action cognizable in equity is stated; and, secondly, if any is stated, whether more than one appears not properly joinable with the other. In answering these inquiries, the complaint is entitled to liberal construction, to effectuate the apparent purpose of the pleader, and enable the doing of justice in the situation laid before the court. Sec. 2668, Stats. 1898; *Pfister v. Sentinel Co.* 108 Wis. 572, 581, 84 N. W. 887. Thus proceeding, one finds, as the general ground of complaint, sufficient allegation that through many years the defendant, as a fiduciary, and in a position of special trust and confidence, acquired control of many and divers amounts of his principal's money, some known, some partly known, and some unknown, some from her, and some from others for her, all of which his duty required him to apply to her benefit; that he has made no accounting of his dealings with these moneys, and that the facts in relation thereto are all within his knowledge, and many of them not within the knowledge of the plaintiff, nor, indeed, of the deceased principal. The court, in the exercise of its equity powers, is prayed to require of the defendant an accounting of his stewardship, and the payment to the administrator of such sums as the accounting shall disclose remaining in the hands of the fiduciary. In such situation, the ability and duty of equity courts to act has always been recognized. No sufficient remedy exists in the common-law right of plaintiff to

·sue for the money due, burdened with the necessity of alleging and proving in the first instance both the fact and the amount of such indebtedness. Under such circumstances, the burden of disclosure should rest upon him who has enjoyed the trust and has the knowledge. *Lessel v. Zillmer,* 105 Wis. 334, 339, 81 N. W. 403. One of the weapons of a court of equity, namely, a command that he account, is appropriate and necessary to cast this burden upon the defendant. The judgment for payment of money, although also in the power of a law court, is, of course, appropriate to equity, in carrying out the policy of doing complete justice, when once its jurisdiction has attached. *Schwickerath v. Lohen,* 48 Wis. 599, 4 N. W. 805; *Merrill v. Merrill,* 53 Wis. 522, 10 N. W. 684; *Rippe v. Stogdill,* 61 Wis. 38, 20 N. W. 645. No sufficient answer to this right of a principal to compel an accounting by an agent is presented by appellant's argument that as to some of the items, properly a part of such account, the plaintiff might maintain action at law. This is true in all such cases, for each misapplication or misappropriation of his principal's money arouses a constructive contract to repay it, upon which an action at law in assumpsit may be predicated, but only with the burden of specific allegation and proof, from which the fiduciary relation entitles plaintiff to be exempt, as above stated. Such remedy is not so fully adequate as to deprive plaintiff of his right to bring the agent to an accounting of all his transactions with the fiduciary property or money in one action; thus relieving the former from the original necessity of specifying and proving in detail the various breaches of trust, as well as from a multiplicity of suits. In this respect the situation at bar differs entirely from that presented in *Allen v. Frawley,* 106 Wis. 638, 82 N. W. 593. There, there was no charge of improper dealing with property held in fiduciary capacity, and no multiplicity of transactions,—merely the single act of obtaining from plaintiff specific property by deceit; and we held

that action at law to recover the proceeds of that property was adequate remedy.

The contention that the cause of action above described does not survive is so completely refuted by the authorities as to hardly require discussion. *Allen v. Frawley, supra,* p. 642; *Killen v. Barnes,* 106 Wis. 546, 82 N. W. 536; *Cheney v. Gleason,* 125 Mass. 166; *Houghton v. Butler,* 166 Mass. 547, 44 N. E. 624. Whether it be viewed as an action to enforce a trust or to recover on implied contract, the cause of action survived at common law, and no support for such result is needed from sec. 4253, Stats. 1898. The cause of action arising from deceit and fraud, which did not survive at common law, and which we have held not to be given survival by that section, is the recovery in tort for the damages suffered by the plaintiff. *Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109; *Lane v. Frawley,* 102 Wis. 373, 78 N. W. 593; *Allen v. Frawley, supra; Killen v. Barnes, supra.* The complaint at bar discloses no attempt to recover, in tort, plaintiff's damages, but only defendant's gains, upon implied contract or resulting trust.

2. Is there misjoinder of causes of action? From what has been said, it is apparent that we construe the complaint as stating a cause of action in equity to obtain an accounting, and payment of the amount of money such accounting shall disclose to be due to the estate of Margaret Somervaill, deceased. Such right of action is, of course, in the administrator only. It is none the less single because it involves numerous items of property for which defendant is sought to be charged, nor because different items of property or money came into his fiduciary control in different ways,— some from the plaintiff by fraud, and some, from others for her, innocently. His disposal of all these is sought to be investigated, and his net responsibility therefor ascertained and enforced. True, the complaint seeks rescission of certain conveyances of land, and return of the ostensible title to de-

fendant, but seeks it only as a necessary adjunct to the main purpose of compelling him to account for that which he wrongfully detains, ancillary and germane thereto. Such a complaint presents no misjoinder of causes of action. *Bassett v. Warner,* 23 Wis. 673; *Gager v. Marsden,* 101 Wis. 598, 77 N. W. 922; *Zinc Carbonate Co. v. First Nat. Bank,* 103 Wis. 125, 139, 79 N. W. 229; *Level L. Co. v. Sivyer,* 112 Wis. 442, 451, 88 N. W. 317. Much of appellant's argument on this branch of the case seems to flow from the presence of the heirs at law as plaintiffs. The relevancy of that circumstance to a demurrer on the ground of misjoinder of causes of action is not very apparent. Misjoinder of parties plaintiff is not raised thereby, unless, indeed, there be several causes of action in favor of different plaintiffs. Of that, as already stated, we find nothing. The one cause of action stated is in favor of the administrator. The presence of the heirs at law as parties to the action is rendered necessary merely because, to render possible the complete relief sought, the decree must divest them of the formal legal title to certain real estate. To this end, they, as well,—perhaps more properly,—might have been made defendants; but in equity the arrangement of parties is of little importance, and can be regulated by the court at any time, in its discretion. *Gager v. Marsden, supra.*

*By the Court.*—Order appealed from is affirmed.