## COLEMAN vs. THE PESHTIGO COMPANY.

*Limitation of Action: Trespass to State Lands.*

The statute limiting the time for bringing an action to recover damages for an injury to property (R. S., sec. 4222), runs against a right of action *in the state* in the same manner as against a right of action in a private person (sec. 4229); and one who purchases lands of the state, while he takes therewith (under ch. 520 of 1865) whatever rights of action the state may have for past trespasses upon such lands, cannot recover for a trespass upon which the period of limitation had run while title was in the state.

APPEAL from the Circuit Court for *Oconto* County.

Action to recover damages for trespasses upon lands while the same belonged to the state. Plaintiff, as patentee of the lands, had succeeded under the statute (ch. 520 of 1865; Tay. Stats., 630, § 56) to all the rights of action of the state for such trespasses. It appeared from the complaint that the trespasses constituting the second cause of action were committed more than six years before the commencement of the action, and defendant demurred to that cause of action upon that ground. From an order sustaining the demurrer, plaintiff appealed.

For the appellant, there was a brief by *Webster & Brazeau*, and oral argument by *Mr. Webster:*

The statutes of limitation do not apply to the state, in the absence of an express provision to that effect. *Lindsey v. Miller's Lessees*, 6 Peters, 666; *Thomas v. Hatch*, 3 Sumner, 170; *U. S. v. Hoar*, 2 Mason, 312; *Stoughton v. Baker*, 4 Mass., 528; *People v. Gilbert*, 18 Johns., 227; *U. S. v. White*, 2 Hill, 59; *Cincinnati v. First Presb. Church*, 8 Ohio, 309; 11 id., 416. Sec. 26, ch. 138, R. S. 1858, under which it is claimed that the second cause of action is barred, merely provides that the limitations prescribed in that chapter shall apply to actions brought "*in the name of the state or for its benefit*," in the same manner as actions by private parties. Being in derogation of the common law, this statute must receive a strict construction (Angell on Lim., 24; *Scott v. Hickox*, 7 Ohio St., 94); and, so construed, it does not include this action, by a private person for his own benefit. It cannot be said that there was no right of action in the state when plaintiff purchased; for the state could have sued and recovered unless the defendant had expressly pleaded the statute as a defense. The state had therefore an assignable right; and when the assignee of that right sues in his own name and for his own benefit, the language of the statute does not permit defendant to set up the statutory bar. Several decisions of this court are cited to show that the lapse of the period of limitation not only affects the remedy but destroys the right. This principle, properly understood, need not be contested; but it merely signifies that the statute, if invoked as a bar to the right, will have that effect, while if not so invoked it has no effect. If the facts constituting the bar appear on the face of the pleading, no such effect will be given them, unless sought by the adverse pleadings. R. S. 1858, ch. 138, sec. 1; *Howell v. Howell*, 15 Wis., 55. Ch. 520, Laws of 1865, under which the plaintiff's title was obtained, provides that "any person who shall hereafter

enter and receive a patent for any  . . . .  state land, shall thereby also acquire the right to all timber, lumber, trees . . . or other materials cut upon or removed from such land before the issue of such patent, unless the same shall have been cut or removed with the assent of the proper state authorities, or sold by the state; and he may seize, sue for and recover such materials *as if the same had been cut or removed from such land after the issue of such patent.*" It further provides that the person so obtaining the patent "may also bring an action for any trespass upon or other injury to such lands, committed before such patent shall issue, against the person or persons committing such trespass or other injury, in the manner and with like effect, and he shall be entitled to like damages, *as if such trespass or other injury had been committed after the patent had issued.*" The legislature could not have declared more plainly that the statutory limitation should not commence to run against any rights referred to in that act, until the patent issued; and the act in effect repealed any provision of former limitation acts in conflict with it. See *Trustees v. Campbell*, 16 Ohio St., 11; *Des Moines v. Harker*, 34 Iowa, 84.

For the respondent, there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings:*

1. After the time prescribed for commencing an action has elapsed, the statute not only affects the remedy, "but directly destroys the right itself." *Sprecher v. Wakeley*, 11 Wis., 432; *Knox v. Cleveland*, 13 id., 245; *Brown v. Parker*, 28 id., 21–27. 2. The later statute cited by the appellant's counsel does not repeal sec. 26, ch. 138, R. S. 1858, by which statutory limitations run against the state. Repeals by implication are not favored; and no language used in the later statute has any reference to the period of limitation. The clear intention of the legislature was merely to give the patentee the same rights that he would have had if he had obtained the patent before the

trespass was committed.   If the other construction should prevail, the anomaly would be presented of a grantor conveying a right not possessed by him at the time of the grant.

ORTON, J.   The demurrer to the second cause of action was properly sustained, for the reason that six years had expired since it accrued.

That the six years had expired while the property, and the cause and right of action growing out of it, were in the state, and that six years had not expired since the state sold the land and its right of action for past trespasses thereon to the plaintiff, would make no exception to the operation of the statute, which is general in its provisions, and embraces all causes of action of this nature for the recovery of which " the action *must* be commenced within six years after the cause of action accrued."   Sections 4219 and 4222, R. S. 1878. The language of these sections, as well as of section 4229, is so explicit that it is difficult of comprehension how the exception contended for by the learned counsel of the appellant could have been intended by the legislature, or could be made to exist by any construction of the language used, however technical or strict.

The language of the last section is:   "The limitations prescribed by this chapter shall apply to actions brought in the name of the state, or for its benefit, *in the same manner as to actions by private parties.*"   The meaning is very obvious, if we change the language, but not its legal effect, to read, "shall apply to all causes of action belonging to the state;" or, in other words, the six years' statutory limitation shall run against the state in the same manner and in the same actions as against private parties.   Chapter 520, Laws of 1865, operates in respect to past trespasses on the lands of the state, and was obviously intended to operate, only so as to assign the right of action for the same to the purchaser of the land so far as such right of action existed in the state, and not barred

by the statute of limitation of six years. The argument of the learned counsel is able and ingenious, but fails to obscure the plain and obvious meaning of these statutes.

*By the Court.* — The order of the circuit court is affirmed, with costs.

