GUNDERSON, Respondent, vs. THOMAS, Appellant.

*March 19 — April 10, 1894.*

*Pleading; Joinder of causes of action: Assignment: Parties.*

1. The fact that a complaint contains several separate causes of action without any allegation that they are separate is not ground for a general demurrer.
2. An allegation that a thing in action was assigned implies, on demurrer, that the assignment was so made as to be valid.
3. The assignors of claims for work done or money paid out are not necessary parties to the assignee's action thereon.

4. Separate causes of action upon the claims of several persons for work done, and upon a claim for money paid out, for the defendant, all such claims having been assigned to the plaintiff, were properly united in the same complaint.

APPEAL from the Superior Court of *Milwaukee* County. The complaint alleges, in effect, that during the preceding year the defendant had been engaged in exploring and mining, under the name of the Richard Thomas Mining Company; that between March 1 and May 1, 1893, one A., at the special instance and request of the defendant, did work and labor for the number of days named, for the defendant, at the agreed price per day named; that the defendant thereby became indebted to the said A. in the sum therein named, which sum the defendant then and there agreed to pay; that the work thus done by A. was reasonably worth that sum; that no part thereof had been paid, except as stated; that said A., September 7, 1893, assigned and set over, for a valuable consideration, to the plaintiff, all his right, title and interest in said demand against the defendant; that no part thereof had been paid, and that there is now due the plaintiff thereon the sum therein named, with interest. Four other counts in substantially the same language are separately stated in the complaint, for work performed by B., C., D., and E., respectively. There was also another count for $40 paid by L. and C. to one P. for and at the request of the defendant, who promised to repay the same to L. and C. on demand; that L. and C., June 3, 1893, demanded the repayment thereof from the defendant, but that no part thereof has been paid; that L. and C., September 7, 1893, assigned and set over, for a valuable consideration, to the plaintiff, all their right, title, and interest in the moneys due them from the defendant; that there is now due the plaintiff the sum of $40 with interest. The complaint demanded judgment against the defendant for the several sums named, and interest, costs, and disbursements.

Gunderson vs. Thomas.

To such complaint the defendant demurred for defect of parties plaintiff, that several causes of action had been improperly united, and that the complaint did not state a cause of action. From an order striking out such demurrer as frivolous the defendant appeals.

The cause was submitted for the appellant on the brief of *Williams & Robinson,* and for the respondent on that of *Stark & Hansen.*

CASSODAY, J. It is contended that the complaint attempts to state a single cause of action by alleging several items in separate and independent paragraphs, without showing any real or formal connection, or that they are in any way united. It is enough to say that we regard the complaint as stating, separately, six independent causes of action, each substantially complete in itself. The only fair criticism to be made as to any one of such causes of action is that there is no express or formal allegation that it is a separate cause of action. But that is not a defect to be raised by general demurrer.

Three of the claims assigned to the plaintiff were each over $50 in amount, and hence it is claimed that the assignment of such "things in action" to the plaintiff was void unless in writing. R. S. sec. 2308. In pleading an assignment required to be in writing, it is sufficient to aver that such assignment was made, as this, on demurrer, will be held to imply a valid assignment under the statute cited. *Bank of River Falls v. German American Ins. Co.* 72 Wis. 535. But, even if this were otherwise, still the demurrer, being to the whole complaint, would be bad, since the other three assignments were each for an amount less than $50, and hence not within the statute cited. *Curtis v. Moore,* 15 Wis. 134.

The demurrer is in part upon the ground "that there is a defect of parties plaintiff," but entirely fails to give "a particular statement of the defect" complained of, as re-

quired by the statute. R. S. sec. 2651. That section expressly declares that, unless the demurrer so complies with that section, it "may be stricken out." Besides, there is no ground for contending that such assignors were necessary parties plaintiff.

There is no ground for claiming that several causes of action have been improperly united in the complaint. The six several causes of action alleged are each and all upon "contract, express or implied," and "affect all the parties to the action," and do "not require different places of trial," and they are each "stated separately;" and hence are properly united in the same complaint. R. S. sec. 2647.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.