State, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*April 12—June 20, 1907.*

*Railroads: Taxation: License fees: Recovery of unpaid portions: When cause of action accrues: Pleading: Joinder of causes of action: Separate statement: Demurrer: Equity: Discovery and accounting: Limitation of actions by state: "Liability imposed by statute:" Fraud: Constitutional law: Vested rights: Due process of law: Discovery in aid of collection of tax: Classification for taxation.*

1. License fees which were imposed upon railway companies by sec. 1213, Stats. (1898), and prior statutes were taxes.
2. A cause of action to recover unpaid license fees from a railway company accrued in each year whenever the company defaulted in making payment of such fees as required by statute.

3. In an action by the state the complaint alleged that defendant railway company in each of certain years made a false and fraudulent statement of its gross earnings; that the fees based thereon, paid in each of such years, were less than the amounts actually due; and that defendant is indebted to plaintiff for such amounts and refuses to pay the same. Discovery and accounting were prayed for, and judgment for the amount found due over and above the sums actually paid. *Held*, that there were sufficiently set forth independent causes of action for the several amounts unpaid in each year for license fees.

4. The failure to state such causes of action separately in the complaint as contemplated by sec. 2646, Stats. (1898), could not be taken advantage of by demurrer, but only on motion to make more definite and certain.

5. Allegations in such complaint that the gross earnings of defendant in the years mentioned could only be ascertained by examination of complicated and long accounts; that knowledge and information as to such accounts, as well as all records, books, and vouchers pertaining thereto, were in defendant's possession exclusively; and that under the law imposing the liability defendant was required to keep such accounts and make discovery to the state, are *held* to state causes of action in equity for an accounting, independent of ch. 328, Laws of 1905, and no question as to the validity of that statute is necessarily involved.

6. An action by the state for the recovery of unpaid portions of license fees from a railway company is an action "upon a liability created by statute, other than a penalty or forfeiture," within the meaning of subd. 4, sec. 4222, Stats. (1898), and is barred, under that section and sec. 4229, unless commenced within six years after the cause of action accrued.

7. The fact that the defendant had fraudulently made to the state false reports of its gross earnings by which the amount of its license fee in each year was to be determined, was not sufficient to prevent the running of the statute of limitations, where it was the duty of the state railroad commissioner to examine such reports as to their sufficiency and the state had full opportunity to make investigation as to their correctness.

8. The mere fact that a plaintiff has been kept in ignorance of his rights through fraud and concealment on the part of defendant does not postpone the running of the statute of limitations, except, as specified in subd. 7, sec. 4222, Stats. (1898), in actions for relief on the ground of fraud which were formerly cognizable solely by the court of chancery.

9. An action in which a liability legal in its nature is sought to be enforced and equitable relief by way of discovery and accounting is sought in aid of such enforcement because of the inadequacy and incompleteness of the legal remedy, is not such an action as is referred to in subd. 7, sec. 4222, Stats. (1898).

10. Where an action to recover unpaid portions of license fees has become barred by limitation, the right of the defendant, so created, constitutes property of which he cannot be deprived by a statute enlarging the period of limitation or creating a new remedy for the collection of the claims.

11. Ch. 328, Laws of 1905 (relating to actions to enforce the collection of license fees due from railway companies), except in so far as it requires, in sec. 3, that defendant's answer in such an action shall contain a complete discovery under oath and an accurate account of all moneys received by it in the operation of its railroad for the period covered by the complaint, is only declaratory of existing rights and is therefore not repugnant to sec. 1, art. XIV, Const. of U. S.

12. The requirement, in said sec. 3, of a discovery as above stated is a proper regulation of the procedure for the collection of a tax, and is within the power of the legislature as incident to its exercise of the taxing power.

13. Such requirement of the statute is not objectionable on the ground that it places railroads in a class by themselves, since it is within the power of the legislature so to place them for the purposes of taxation.

APPEAL from an order of the circuit court for Dane county: WARREN D. TARRANT, Judge. *Reversed.*

This action is brought by the state of Wisconsin for an accounting and a discovery of license fees due it from the defendant railway company. The plaintiff, by the attorney general of the state of Wisconsin, by appropriate averments in its complaint, alleges the following facts: The defendant is a railroad company incorporated under the law of this state, and as such corporation has ever since and including the year 1884 continuously to the commencement of this action been engaged in operating various lines of railroad in this state, and has been and now is so engaged in the business of a common carrier of freight and passengers. The defendant owns real estate and personal property situate in this

state of great value, which has since and before the year 1884
been by law exempt from taxation. The defendant was, how-
ever, required by law to pay four per centum of its gross
earnings as a license fee, in lieu of paying taxes on its prop-
erty and in consideration of being granted the privilege of
doing a railroad business in this state. This license fee was
to be paid, one half at the time the license for each year is-
sued and one half on or before the 10th day of August in
each year. It is alleged on information and belief that de-
fendant's gross earnings, since and including the year 1883,
have exceeded $3,000 per annum per mile of operated rail-
road in the state. The defendant is alleged to be charged
with the duty of making and returning to the treasurer of the
state of Wisconsin, on or before the 10th day of February of
each year, a true statement of its gross earnings for the pre-
ceding calendar year, this statement to contain a correct
statement of the number of miles of railroad it operated, and
the gross earnings per mile per annum for the preceding
year, as a condition precedent to the right to a license from
the state authorizing operation of its railroads within this
state, and exempting its property from taxation for each
year, beginning January 1st and ending December 31st.
The complaint alleges, on information and belief:

"That defendant has not made and returned to the state
treasurer a true statement of its gross earnings for the pre-
ceding calendar year in any year from and including the
year 1884 to and including the year 1903, and has failed and
neglected each and every of said years to make and return to
the state treasurer such true statement as it is required to do
by law, but has failed and neglected in that behalf each and
every of said years; that defendant has made and returned to
the state treasurer certain so-called written statements each of
the years above mentioned, contained in each of which state-
ments was a pretended statement of the true amount of its
gross earnings for the year preceding each and every of the
years above mentioned."

The complaint alleges that the statements made were falsely represented to be a complete, full, and correct statement of gross earnings, and that the railroad paid the four per centum license fee thereon, and thus paid much less annually for the years from 1884 to 1903, both inclusive, than it should have paid as such license fees. The complaint sets forth that the statements were actually made by the defendant for each of such years, states the reported gross amount of earnings of the railroad and the four per centum of the same, and then alleges,

"on information and belief, that each and every statement so made and returned by defendant as above set forth, purporting to give the amount of defendant's gross earnings, was falsely and fraudulently made, and was and is untrue and incorrect, as defendant well knew at the time each such statement was made, and was not a true statement of the gross earnings of defendant for the preceding year; that in fact and in truth, as defendant well knew, the gross earnings of defendant were much more than the amounts represented by defendant in said statements for each of such years; that each and all of said statements were made and returned by defendant with the intention of defrauding plaintiff out of large sums of money due plaintiff from defendant as license fees, and were made and returned by defendant for the purpose of fraudulently obtaining its license for each year of said years between 1884 and 1903, both inclusive."

It is alleged that, by reason of such false and fraudulent statements, defendant has defrauded the state out of large sums of money, and that the state, relying on such statements, caused licenses to be issued to defendant to operate its railroads in this state. It is alleged that defendant has failed and neglected to keep its books of account within the state and accessible to the state officers charged with the duty of ascertaining therefrom the actual facts respecting the railroad's gross earnings. It is stated that plaintiff, without fault or neglect on its part, did not know the alleged false and fraudulent character of the statements so made by de-

fendant respecting its annual gross earnings; that defendant now refuses to pay the amounts actually due the state as such license fees for each of these years; that defendant is indebted to plaintiff for such amounts; and that the licenses to operate its railroad in the state were fraudulently obtained, and are void.

"Plaintiff further alleges that it cannot state the true amounts of gross earnings of the defendant company for the years hereinbefore mentioned, or any of them, and of the sums of money fraudulently as aforesaid withheld by and due from the defendant for license fees for said years; that the knowledge and information relating thereto is solely within the possession of the defendant, and that the records, books, vouchers, and papers showing and relating to said gross earnings are solely within the possession and under the control of the defendant and are without the state of Wisconsin. . . . Plaintiff still further alleges, on information and belief, that in order to determine the true amount of the gross earnings of the defendant for the year preceding each and every year from and including the year 1884 to and including the year 1903, and the amount of license fees on such gross earnings which it owes and ought to have paid the state for said licenses and each thereof hereinbefore mentioned, it will be necessary that the defendant account to the plaintiff for the true amount of all such gross earnings for each preceding year as aforesaid during each and every of the years from and including the year 1884 to and including the year 1903, that such accounting would require examination and inspection of hundreds of thousands of items extending over the period of at least twenty years, and it will be further necessary, in order that plaintiff may obtain relief in the premises, that plaintiff may have a discovery of and from defendant under oath relating to the above facts."

The plaintiff demands judgment whereby defendant shall be required to make and render a true and correct account and to make full and true discovery of all its gross earnings for the years specified in the complaint; that plaintiff have judgment for such amount as may be found due the state

over and above the amounts actually paid on account of such license fees; that the licenses heretofore obtained be adjudged to have been fraudulently procured and to be void and that they be ordered canceled; and that plaintiff recover its costs and disbursements of the action and have such other relief as may be found just and equitable.

The defendant demurred to the complaint upon the following grounds: (1) That the court has no jurisdiction of the subject of the action; defendant averring that ch. 328, Laws of 1905, is violative of sec. 1, art. XIV, of the constitution of the United States, in that it deprives defendant of its property without due process of law and denies it the equal protection of the law. (2) That several causes of action are improperly united. (3) That the complaint does not state facts sufficient to constitute a cause of action; defendant averring specifically that the demands for license fees are invalid because the statutes attempting to impose the license fees violate sec. 8, art. I, constitution of United States, and because ch. 328, Laws of 1905, is void, as alleged under the first ground of demurrer. (4) That the action was not commenced within the time limited by law; defendant relying on and referring to subd. 3, 4, sec. 4222, Stats. (1898), and also referring to and relying on subd. 1, sec. 4224, Stats. (1898). Defendant demurs separately to the alleged cause of action against it for the first instalment of unpaid license fees for the year 1899, relying on and referring to the statutes of limitation above specified.

The court overruled the demurrer. This is an appeal from the order overruling the demurrer.

For the appellant there were briefs by *Edward M. Hyzer,* and oral argument by *Mr. Hyzer* and *Mr. L. W. Bowers.*

For the respondent there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and *L. M. Sturdevant,* of counsel, and oral argument by the *Attorney General* and *Mr. Sturdevant.*

SIEBECKER, J.   Upon the facts alleged the state asserts the
right to recover whatever portion of the license fees imposed
by sec. 1213, Stats. (1898), remains unpaid for any of the
years embraced in the complaint.   In view of the conflicting
claims of the parties as to the nature of this obligation, it,
seems essential to some of the questions presented on this ap-
peal to first determine the nature of the obligation upon which
the state claims the right to recover against the defendants.
This court has so recently considered the question in an ex-
tended examination that further elaboration is not required.

In the case of *State v. Railway Cos.* 128 Wis. 449, 108 N.
W. 594, the nature of the obligation so imposed on railway
companies was exhaustively treated and it was held to be an
exaction imposed by the state under the taxing power.   In
its inception the state proceeds in the usual manner of im-
posing it as a burden on a privilege and franchise, which the
defendant was required to assume as a condition precedent to
exercising the privilege thereby granted.   It was said that
these incidents to its imposition gave rise to features of a con-
tractual nature, but it was declared that the obligation itself
was clearly a tax imposed by the state under its taxing power
for the purpose of raising revenue to meet expenses in admin-
istering the governmental affairs.   This view was also fol-
lowed in the case of *Nunnemacher v. State,* 129 Wis. 190,
108 N. W. 627, decided at the same time.   The grounds for
this conclusion were so exhaustively presented in these two
cases as to leave nothing to be added, and further discussion
at this time can serve no useful purpose.   We shall treat the
question as at rest, and assume for the purposes of this case
that the state seeks to collect unpaid taxes due it from the
defendant for the various years covered by the complaint.

The plaintiff insists that the facts stated constitute but
one cause of action, and that it must be treated as having ac-
crued when the last instalment for the year 1904 was due the
state.   The trial court seems to have so construed it.   This

construction is challenged by defendant upon the ground that the alleged causes of action for unpaid license fees accrued in each year whenever the defendant defaulted in making payment thereof as required by the statute. This statute provides that railroad companies operating railroads in the state whose gross earnings per annum equal or exceed $3,000 per mile shall pay four per centum of their gross earnings as an annual license fee, and to this end shall on or before February 10th of each year make and return a true statement of their gross earnings for the preceding year, giving the mileage of road operated by them and the gross earnings per mile per annum, and they thereupon shall apply to the state for an annual license to operate the railroads embraced in the statement. They are required to pay one half of such fee when the license issues and the remaining half on or before August 10th in each year. After this statement has been made and returned to the state treasurer by the railroad companies and approved by the railroad commissioner, the company is to receive from the state treasurer a license to operate the railroads mentioned in such statement "for the calendar year commencing on the first day of January preceding and terminating on the next succeeding thirty-first day of December unless sooner revoked." Sec. 1212, Stats. (1898), and amendments. The provisions of the statutes show that the primary right of the state, on which it bases its claim against defendant, is an obligation to annually pay the four per centum on its gross earnings in two instalments. This obligation becomes due at the time the statute requires the making and the rendering of such a report and the issuance of the license, and was dischargeable only by payment (*State v. Railway Cos.* 128 Wis. 449, 108 N. W. 594), and upon default it was enforceable by the state. Under the circumstances a right of action as to each of such annual payments must be held to have accrued to the state when the default occurred and an action could have been maintained to compel pay-

ment. All the elements necessary to constitute a cause of action enforceable by the state are thus shown to have existed under the facts alleged. *Butler v. Kirby,* 53 Wis. 188, 10 N. W. 373; *La Coursier v. Russell,* 82 Wis. 265, 52 N. W. 176. An examination of the facts alleged shows that the allegations are sufficient to constitute an enforceable cause of action for such parts of each instalment of the license fees as remained unpaid for the years embraced in the complaint, though they are not so definitely and separately stated as contemplated by sec. 2646, Stats. (1898). A liberal construction of the complaint and a fair intendment of the facts pleaded justify the inference that the facts sufficiently set forth independent causes of action for such amounts of the annual license fees as remain unpaid. The defect in form cannot be considered on demurrer. Such irregularity is subject only to a motion to make more definite and certain. *Nichol v. Alexander,* 28 Wis. 118; *Gunderson v. Thomas,* 87 Wis. 406, 58 N. W. 750.

Contentions are presented that the facts set forth constitute a basis for an action for the collection of a debt in which the defendant would be entitled to a trial by jury, and that the attempt on the part of the state by ch. 328, Laws of 1905 (secs. 1215—31–37, Stats.: Supp. 1906), to provide for an accounting and discovery of all license fees due the state from defendant, is an infringement of defendant's constitutional rights, because it creates a special form of action against certain members of a class, and because it deprives them of the right to trial by jury and is violative of the constitutional guarantees of due process of law and the equal protection of the law. These questions will not arise for specific consideration in our view of the action. We are of the opinion that the facts alleged in the complaint constitute causes of action in equity for an accounting, regardless of the provisions of ch. 328, Laws of 1905. It appears from the complaint that the state seeks to recover whatever sums remain unpaid

of the annual license fees due it on the gross earnings of the railroad company. It is charged that these gross earnings can only be ascertained by an examination of complicated and long accounts, that the state is possessed of no knowledge as to such accounts and the amounts due as such license fees, and that knowledge and information relating thereto, as well as all records, books, and vouchers pertaining thereto, are solely within the defendant's possession. It is also alleged that under the law imposing this liability defendant was required to keep such accounts and to make discovery to the state. These features of the case have been recognized as sufficient to warrant the exercise of equitable jurisdiction in such causes. There can be no ground for dispute but that the accounts involved will of necessity be long, intricate, and complicated from the very nature of the defendant's business transactions on which the demands are predicated. The relationship of the state and the defendant respecting these obligations is such that there is cast upon defendant the duty of keeping a correct account of its gross earnings to enable the state to ascertain the extent of its claim, and from this flows the duty of rendering to the state a true and correct report of these transactions. These circumstances of necessity create a relationship in which the defendant has the duty of protecting the rights of the state issuing out of the transaction by keeping a true and correct record of its business affairs respecting them and by rendering account of its performance of this obligation. It is also obvious that knowledge concerning these transactions is exclusively in defendant's possession. Mr. Pomeroy, in speaking of the concurrent jurisdiction in law and equity over causes, says:

"The most important, comprehensive, and multiform remedy of the concurrent jurisdiction which results in pecuniary recoveries is that of accounting. The variety of its uses and possible applications is practically unlimited. It can be adapted to all circumstances and relations in which an ac-

count is necessary for the settlement of claims and liabilities, and for the doing full justice to the litigant parties." 1 Pom. Eq. Jur. (3d ed.) § 186.

Besides plaintiff's right to a discovery incident to the transactions involved, it is obvious that, by reason of the complexity and length of the accounts, the remedy in equity is more appropriate, adequate, and complete than that in law. These considerations furnish a sufficient and substantial basis for the exercise of the equitable jurisdiction of the court upon the facts alleged in the complaint. 1 Pom. Eq. Jur. (3d ed.) §§ 139, 140, 223, 225. The case of *Schwickerath v. Lohen,* 48 Wis. 599, 4 N. W. 805, followed this rule and declared:

"Whether the accounts between the parties are mutual or not, where a *discovery* is a necessary part of the accounting, as in this case, the jurisdiction of a court of equity is unquestionable."

See, also, *North Side L. & B. Soc. v. Nakielski,* 127 Wis. 539, 106 N. W. 1097; *Lessel v. Zillmer,* 105 Wis. 334, 81 N. W. 403; *Chaffee v. Conway,* 125 Wis. 77, 103 N. W. 269; *Somervaill v. McDermott,* 116 Wis. 504, 93 N. W. 553; 6 Pom. Eq. Jur. (3d ed.) § 930; 16 Cyc. (Equity, 4, *a*) 41; 1 Cyc. (Accounts, *d, e*) 420, 421.

We deem the action properly within the equitable jurisdiction of the court, and find that the complaint alleges facts sufficient to constitute causes of action in equity for an accounting.

The defendant has demurred to each cause of action in the complaint upon the ground that this action was not commenced within the time limited by law. This presents the inquiry: Are any causes of action alleged in the complaint barred by the statutes of limitation?

By subd. 3, 4, sec. 4222, Stats. (1898), it is provided that actions must be brought within six years after the cause of action accrued, when the cause of action arises:

"(3) . . . upon any other contract, obligation or liability, express or implied, except those mentioned in the last two preceding sections.

"(4) . . . upon a liability created by statute, other than a penalty or forfeiture, when a different limitation is not prescribed by law."

Sec. 4229, prior to its amendment by ch. 1, Laws of 1905, enacted that "the limitations prescribed in this chapter shall apply to actions brought in the name of the state or for its benefit in the same manner as to actions by private parties," excepting rights by adverse possession, etc., of real property. Ch. 1, Laws of 1905, amends this section, and prescribes that an action accruing to the state to recover a penalty or forfeiture, and actions for forfeitures begun under sec. 1214, Stats. (1898), must be commenced within six years after the cause of action accrued, and "any other action in favor of the state, whether created by statute or otherwise, must be commenced within ten years after the cause of action therefor has accrued."

The language of the statute prescribing that the periods of limitation for bringing action after the cause of action has accrued shall apply to the state is plain in its meaning and clear in its terms. There is no question but that in its ordinary signification it is made to apply in the same manner as between private parties. This court has on former occasions considered the statute and so construed the legislative purpose. In *Coleman v. Peshtigo Co.* 47 Wis. 180, 2 N. W. 111, an action to recover damages for trespasses upon land while it belonged to the state was brought by the patentee, who claimed to have succeeded to the rights of the state to maintain the action. It was there contended that the statute did not run against this demand while the state owned the land, but the court held in construing the limitation statutes that:

"The language . . . is so explicit that it is difficult of comprehension how the exception contended for by counsel [that it did not include such demands in favor of the state] could have been intended by the legislature, or could be made to exist by any construction of the language used, however technical or strict."

In the case of *Scheuber v. Held,* 47 Wis. 340, 2 N. W. 779, the effect and scope of these statutes was considered as applied to prescriptive rights in lands owned by the state to flow lands for a milldam. It was there declared that the statute providing that "civil actions can only be commenced within the periods prescribed in this chapter" comprehended all civil actions, including the one under consideration, and that "there is no reason why the presumption of a grant to the adverse claimant, from a delay to bring such action for over twenty years, should not prevail against the state as against other parties."

It is said that the construction of the statutes as applied in these cases can be of no force because the instant case is one for the collection of a tax, and therefore not within the intent of the statute, even should it be comprehended in its terms in their general sense. True, this is a civil action to enforce a demand which does not arise as ordinary contract obligations issuing out of a mere voluntary personal transaction, yet in its essential nature and characteristics it is a demand or obligation enforceable as other state claims by an action in the name of the state or for its benefit. The demand is one which is clearly embraced in the classes covered by the limitation statute providing that an action must be brought within six years after a right of action accrues "upon a liability created by statute, other than a penalty or forfeiture." The demand sought to be enforced here under the claim of the state is manifestly a liability created by statute, for the state asserts that the obligation is one imposed under the taxing power of the state as an incident to the grant of the privilege of operating its railroad in Wisconsin, conferred by the state on defendant. Under these conditions the claim is obviously created by statute in the sense the legislature employed the words of this statute, and comes plainly within its terms.

We find that a like statute has been applied to a demand

for taxes in other jurisdictions, wherein a construction like the one pressed upon us by the state was urged and held unwarranted in view of the plain meaning and the evident legislative intent as expressed in the phraseology that the limitation should "apply to actions brought in the name of the state or for its benefit, in the same manner as to actions by private parties." In the case of *Redwood Co. v. W. & St. P. L. Co.* 40 Minn. 512, 42 N. W. 473, the court construed this statute in a proceeding to obtain a judgment for unpaid taxes. The court said: "That a tax is a liability created by statute we think admits of no doubt, either upon principle or authority;" and held the proceeding to enforce the tax claim, "within the meaning of the statute, 'an action upon a liability created by statute,' and that it was barred as to all taxes for the enforcement of which such proceedings might have been instituted more than six years before," when properly assessed. In *San Francisco v. Jones,* 20 Fed. 188, the same clause in a California statute was held to bar the state from enforcing a tax after the period of limitation had expired. In *State v. Y. J. S. M. Co.* 14 Nev. 220, this same statute was considered as to its application in an action by the state for the collection of delinquent taxes, and upon an extended review of the authorities and reason bearing on the question the court held that such a statute "embraces every civil action, both legal and equitable, whether brought by an individual or the state. . . . Such is the plain reading of the statute and the evident intention of the legislature." Cases cited.

We find no justifiable ground for holding that an action for the collection of taxes is not within the operation of the limitation statute, and that the state is not barred from collecting the taxes imposed by sec. 1213, Stats. (1898), after the expiration of the period of limitation. This also is the legislative interpretation of the statute as is disclosed by ch. 1, Laws of 1905, amending it and specifically applying a

limitation of ten years to actions in favor of the state, whether created by statute or otherwise, except those for the recovery of forfeitures and penalties, and actions and proceedings by the attorney general for the forfeiture of rights, privileges, and franchises pertaining to railroads, to which a shorter period is to apply. It is evident from the context of this act that the legislature deemed the former statute, so amended, applicable to the classes enumerated in the amended act, which plainly embraces actions for unpaid portions of license fees such as the state seeks to recover in this case.

It is urged that, if the limitation statute apply to the alleged causes of action, then defendant will not be permitted to interpose the statute because it fraudulently concealed from plaintiff until the year 1903 the existence of these causes of action. This is urged upon the ground that it would be unconscionable to allow defendant to rely on the statute under such circumstances. This claim presupposes that plaintiff was kept in ignorance of its rights through the contrivance and concealment of the defendant. We have, however, no such situation presented here. It is admitted that the defendant made payments under the liability imposed, and the only claim is that it fraudulently omitted to make and render a true and correct report of its annual gross earnings, on which the liability is based. There is nothing to show but that the state had full opportunity to make an investigation of the business so as to ascertain whether such reports were correct. Furthermore, the state railroad commissioner was called upon to examine such reports in respect to their sufficiency before the annual licenses were granted. The state could not be misled as to its right to enforce any such demand and nothing was done to prevent it from ascertaining everything as to the true state of affairs respecting these claims which might have been ascertained by the exercise of reasonable diligence. We find no justification for this claim of the state in the facts alleged.

Were this claim of the plaintiff well founded in fact, still no exemption from the operation of the statute would exist under the provisions of the statutes of limitation. The limitations prescribed have been held applicable to all actions, and the presence of fraud in no instance postpones the running of the statute from the time the cause of action accrued, save the specified exception · in subd. 7, sec. 4222, Stats. (1898), for relief on the ground of fraud in cases which before February 28, 1857, were cognizable solely by the courts of chancery. As we have heretofore indicated, this cause is of that class wherein a liability which is legal in its nature and has been created by statute is sought to be enforced, and would come within the jurisdiction of law but for the fact that the remedy therein does not afford as complete, sufficient, and adequate a remedy as that afforded by the equitable action for an accounting and discovery. It is therefore not within the exception of subd. 7 of the limitation statute, and hence the statute commenced to run against the cause of action from the time the right of action accrued, which was at the time the annual instalments were due in February and August of each year. Recent decisions of this court plainly show that there is no exception to this statute except the one it specifies. *Jacobs v. Frederick,* 81 Wis. 254, 51 N. W. 320; *Pietsch v. Milbrath,* 123 Wis. 647, 102 N. W. 342; *Boyd v. Mut. Fire Asso.* 116 Wis. 135, 90 N. W. 1086, 94 N. W. 171; *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808; *Mason v. Henry,* 152 N. Y. 529, 46 N. E. 837.

Upon the facts alleged in the complaint it is clear that the state is barred from enforcing any of the alleged claims after the expiration of six years from the time they became due, pursuant to secs. 1211, 1212, 1213, Stats. (1898), until the time was extended by ch. 1, Laws of 1905 (sec. 4229, Stats.: Supp. 1906), which was published February 4, 1905. At this time all causes of action which had accrued six years before were barred, and were as effectually extinguished as if

they had been satisfied by actual payment. Under such circumstances the right so created constitutes property, and the state cannot deprive the party of it by legislative action which enlarges the period of limitation or by creating a new remedy for the collection of such claims. The authorities of this court on this proposition are numerous and clearly settle the law for this state. *Eingartner v. Ill. S. Co.* 103 Wis. 373, 79 N. W. 433; *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799; *Knox v. Cleveland,* 13 Wis. 245. These considerations lead to the conclusion that the complaint states good causes of action in equity for any unpaid portions of the license fees that accrued subsequent to February 4, 1899, and that the demurrer should have been sustained as to all alleged causes of action which accrued prior to this date.

Treating the complaint as one in equity for an accounting disposes of the question of the right of the defendant to a trial by jury, as well as to the validity of ch. 328, Laws of 1905, except so far as it provides in sec. 3 thereof that defendant in such an action is required to make complete discovery in its answer under oath respecting the subject of the action, for the reason that the provisions of this act require no proceeding or pleading and grant no relief to which either party was not entitled in equity before its passage except the discovery to be made in the answer. Aside from this provision it is declaratory only of existing rights and therefore is not repugnant to any of the constitutional provisions claimed by the defendant.

Sec. 3 imposes the duty on defendant to set forth in its answer "a full, true and complete discovery under oath and a true and accurate account of all moneys received by it in the operation of its railroad" for the period covered by the complaint, without deduction of any of the items specified. This imposes an obligation on defendant in this class of actions not required in any other suits. The statute accomplishes what has usually been done by a bill of discovery. The pro-

ceeding by bill of discovery has, however, been absolutely ab-
rogated in this state by sec. 4096, Stats. (1898). *Kelly v.
C. & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521; *Whereatt v.
Ellis,* 65 Wis. 639, 27 N. W. 630, 28 N. W. 333; *Frawley v.
Cosgrove,* 83 Wis. 441, 53 N. W. 689. This change in pro-
cedure has not, however, abrogated the right of discovery, but
by examination of the parties in the manner provided by sec.
4096, Stats. (1898), has substituted another and totally dif-
ferent procedure. The requirements of sec. 3, ch. 328, Laws
of 1905, provide an appropriate proceeding for the collection
of a tax. The regulation of the procedure for collecting taxes
is well recognized as being within the legislative power.  In
*St. Louis v. Ferry Co.* 11 Wall. 423, it is declared:

"It is for the legislature to decide what persons and prop-
erty shall be reached by the exercise of this function [the
taxing power] and in what proportions and by what processes
and instrumentalities taxes shall be assessed and collected."
See, also, Blackwell, Tax Titles, § 75.

It is also well established that the state may prescribe any
appropriate remedy for this purpose which does not deprive
a party of notice and reasonable opportunity for compliance,
and that it may employ the usual judicial processes and pro-
ceedings, or employ them in a modified form, to regulate and
enforce payment of the public revenue.  This power is inci-
dent to the exercise of the taxing power. *State v. Georgia Co.*
112 N. C. 34, 17 S. E. 10; 1 Cooley, Taxation (3d ed.) 15–
18; 21 Ency. Pl. & Pr. (TAXATION) 378, 380, 381, 384.

It is furthermore asserted that the legislation is objection-
able because it discriminates between members of a class.
For the purposes of taxation, railroad companies throughout
the history of their existence in this state have been treated
as a separate class, and in the recent case of *Chicago & N. W.
R. Co. v. State,* 128 Wis. 553, 108 N. W. 557, it was held
that it is within the legislative discretion to place railway
corporations in a class by themselves for the purposes of tax-

ation.   In this power to so classify them inheres the authority to provide divers methods of taxation and to provide special instrumentalities and appropriate proceedings to accomplish this purpose.   We are of the opinion that the provision of sec. 3, ch. 328, Laws of 1905, requiring defendant to make discovery under oath in its answer to the complaint, was properly within the power of the state as an incident to providing a remedy for the collection of taxes, and that for the purposes of imposing and collecting taxes the state could place railroads in a class by themselves.

We are led to the conclusion that the complaint must be sustained as good and sufficient in equity for an accounting and discovery as to the causes of action which accrued subsequent to February 4, 1899, and that the additional requirements of sec. 3, ch. 328, Laws of 1905, are properly imposed on defendants in an action for the collection of any unpaid portion of the license tax.   The demurrer should have been sustained to all causes of action set out in the complaint which were barred by the statute of limitation and overruled as to all causes of action not so barred.

The order overruling the demurrer to the complaint must therefore be reversed, and the cause remanded with directions to enter an order in accordance with this opinion.

*By the Court.*—It is so ordered.