STATE, Appellant, vs. CITY OF MILWAUKEE and another, Respondents.

*November 19, 1912—February 18, 1913.*

*School fund: Recovery of moneys due: Actions by state: Limitations: Constitutional law: Statutes construed: Trusts and trustees.*

1. Sec. 2, art. X, Const.,—providing that all moneys derived by the state from various sources (including the clear proceeds of all fines collected in the several counties for any breach of the penal laws) "shall be set apart as a separate fund to be called 'the school fund,' the interest of which . . . shall be exclusively applied to" the support of schools, etc.,—does not make the right to such moneys so different in its nature from the rights which the state has to moneys due it for other purposes as to preclude the legislature from making limitation statutes applicable to actions by the state to recover moneys for the benefit of such fund.

2. Sec. 4229, Stats. (1898),—referring to "actions brought in the name of the state or for its benefit,"—and the same section as

amended by ch. 1, Laws of 1905,—referring to actions "in favor of the state, whether created by statute or otherwise,"— are applicable to an action by the state to recover moneys for the benefit of the school fund. They were intended to and do apply to actions upon demands due the state in its governmental as well as in its proprietary capacity.

3. The rule that statutes of limitation do not apply to equitable actions between trustees of an express trust and the *cestuis que trustent* does not govern in the case of an action by the state to recover moneys for the benefit of the school fund, such action being by the trustee upon a money demand against a third party.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The state seeks in this action to recover certain moneys, "the clear proceeds of all fines collected . . . for any breach of the penal laws" in *Milwaukee County* between January 1, 1859, and January 1, 1909. It is alleged that the defendants were legally bound to pay these moneys to the state without demand, but that the defendants have used these moneys in performing their legitimate municipal functions. Interest is also demanded on the various sums from the dates when it is alleged they became due to the state. Attached to the complaint is an itemized statement of the moneys alleged to be due the state. The answers of the defendants deny the allegations of the complaint and set up various statutes of limitation in bar of the right of the state to recover certain of these moneys. The state interposed demurrers to those parts of the answers setting up the statutes of limitation. This is an appeal from the order of the court overruling the demurrers in so far as the statutes of limitation pleaded by the defendants affect sums of money accruing to the state prior to February 1, 1899.

For the appellant there was a brief by the *Attorney General* and *Russell Jackson,* deputy attorney general, and oral argument by *Mr. Jackson.* They contended, *inter alia,* that every consideration of public policy forbids that any statute

of limitations should be available as a bar to the recovery of
any portion of the "school fund" which may have come to the
hands of any person through the laches of those charged with
its remission to the state treasury or otherwise, and the legis-
lature is powerless, directly or indirectly, through the enact-
ment of a statute of limitation or otherwise, to alienate or
divert any portion of the fund to purposes other than those
specifically mentioned in the constitution. *State v. Casey,* 5
Wis. 318; *Lynch v. The Economy,* 27 Wis. 69; *Dutton v.
Fowler,* 27 Wis. 427; *State ex rel. Guenther v. Miles,* 52.
Wis. 448, 9 N. W. 403; *State v. De Lano,* 80 Wis. 259, 49
N. W. 808; *State ex rel. Sweet v. Cunningham,* 88 Wis. 81,
57 N. W. 1119; *Emerson v. Huss,* 127 Wis. 215, 226, 106
N. W. 518; *State ex rel. Hord v. St. Joseph Co.* 90 Ind. 359;
*Rush Co. v. State ex rel. Hord,* 103 Ind. 497, 3 N. E. 165;
*Putnam Co. v. State ex rel. Hord,* 106 Ind. 531, 7 N. E.
254; *Jackson Co. v. State ex rel. Hord,* 106 Ind. 270, 6 N.
E. 623; *Howard Co. v. State ex rel. Michener,* 120 Ind. 282,
22 N. E. 255. A subject beyond the power of the legisla-
ture to deal with, if included within the general terms of an
act, will not be regarded as embraced therein when necessary
to save the statute from otherwise successful attack. *Pea-
cock & Co. v. Pratt,* 121 Fed. 772; *Butler Bros. S. Co. v. U.
S. R. Co.* 156 Fed. 1, 18, 19. While the action was brought
"in the name of the state," sec. 4229, Stats., was intended,
we believe, to apply only to the state in its proprietary ca-
pacity and not to causes of action which might accrue to it
as trustee of a constitutional trust, especially when the trust
is one beyond legislative control. *Coleman v. Peshtigo L.
Co.* 47 Wis. 180, 183, 2 N. W. 111; *Delta Co. v. Blackburn,*
100 Tex. 51, 93 S. W. 419, 422. The action at bar is one
"in favor of" the school children of the state, to whose ex-
clusive benefit all fines collected will inure, rather than one
"in favor of the state." The only interest the state has in
the controversy is that of *parens patriæ* or trustee. Further-
more, the statute is in derogation of the sovereignty of the

state and should be construed most favorably in respect thereto. The trust involved is, it would seem, of as high and sacred a character as that by virtue of which the state holds the beds of the navigable lakes within its confines, which this court has time and again held the legislature powerless to cede, and consequently that title thereto cannot be acquired by adverse possession. *Menominee River L. Co. v. Seidl,* 149 Wis. 316, 320, 135 N. W. 834; *Rossmiller v. State,* 114 Wis. 169, 187, 89 N. W. 839. It is also the doctrine of this state that "no mere nonuser, of any length of time, will operate as an abandonment of a public highway." *Reilly v. Racine,* 51 Wis. 526, 529, 8 N. W. 417. And that "limitation or prescription cannot be set up against the public" in such cases. *Scheuber v. Held,* 47 Wis. 340, 350, 2 N. W. 779; *Childs v. Nelson,* 69 Wis. 125, 33 N. W. 587; *Nicolai v. Davis,* 91 Wis. 370, 64 N. W. 1001. See *Board of Trustees v. Auditor,* 80 Ky. 336, 341, 342.

For the respondent the city of *Milwaukee* there was a brief signed by *Daniel W. Hoan,* city attorney, and *W. H. Timlin, Jr.,* first assistant city attorney, and oral argument by *Mr. Timlin.*

For the respondent the county of *Milwaukee* there was a brief by *Winfred C. Zabel,* district attorney, and *William L. Tibbs,* assistant district attorney, and oral argument by *Mr. Tibbs.*

The following opinion was filed December 10, 1912:

SIEBECKER, J. On the former appeal of this action it was determined that the state may maintain an action against the county and city for moneys received by them to the use of the state as the clear proceeds of fines collected, if they have retained such moneys and have applied and used the same for legitimate municipal purposes. *State v. Milwaukee,* 145 Wis. 131, 129 N. W. 1101. The present complaint alleges facts sufficient to constitute such a cause of action.

The defendants respectively allege that recovery is barred

by the statutes of limitation, and set forth various limita-
tion statutes as applicable to the case.   The trial court held
that the alleged causes of action are barred by the limitation
statutes as to all sums of money that accrued prior to Febru-
ary 1, 1899, and ordered that the demurrers to the answers
be overruled as to all claims for sums due prior to that date.
It is the claim of the state that this ruling of the trial court is ·
erroneous, for the reason that none of the limitation statutes
were intended to apply to an action by the state for the re-
covery of moneys for the benefit of the school fund, and that
if it should be held that the legislature did intend to so bar
recovery in an action of this nature, the statute is invalid be-
cause it contravenes the provisions of the constitution creat-
ing the school fund.

Sec. 4229, Stats. (1898), provides: "The limitations pre-
scribed in this chapter shall apply to actions brought in the
name of the state or for its benefit in the same manner as to
actions by private parties."   By amendment of this section
(Laws of 1905, ch. 1), a six-year limitation is prescribed for
bringing actions for the recovery of "a penalty or forfeiture
accruing wholly or in part to the state," and the same limita-
tion is prescribed for certain actions or proceedings "for the
forfeiture of the rights, privileges and franchises of any rail-
road company . . . within this state."   "Any other action
in favor of the state, whether created by statute or otherwise,
must be commenced within ten years after the cause of action
therefor has accrued."   The significance and scope of these
statutes were fully considered and the former adjudications
on the subject in this court reviewed in the case of *State v.
C. & N. W. R. Co.* 132 Wis. 345, 112 N. W. 515, and it was
held that the provisions of the statute were plainly intended
to apply to the state in the same manner as to private parties.
From the construction of these statutes there adhered to and
applied, it is clear that they embrace the instant case, unless
appellant's claim, that the provisions of sec. 2, art. X, of the

constitution of this state render them inapplicable to this class of actions, is sustained.

Under this section of the constitution all moneys derived by the state from the various sources therein specified "shall be set apart as a separate fund to be called 'the school fund,' the interest of which and all other revenues derived from the school lands shall be exclusively applied to the following objects, to wit:

"1. To the support and maintenance of common schools in each school district, and the purchase of suitable libraries and apparatus therefor.

"2. The residue shall be appropriated to the support and maintenance of academies and normal schools, and suitable libraries and apparatus therefor."

All sums of money realized as "the clear proceeds of all fines collected in the several counties for any breach of the penal laws" are to be paid to the state and become part of this school fund. To accomplish this end in the city of *Milwaukee,* provision is made by sec. 2512, R. S. 1878 (P. & L. Laws of 1859, ch. 199, sec. 28), which requires the *Milwaukee* city treasurer to account for and pay to the county treasurer annually all fines and penalties collected in criminal cases, and the county treasurer, pursuant to sec. 715, Stats. (1898), is required, at the time he pays the state tax, to turn such money over to the state treasurer, less the amount due him thereof as legal fees. It is urged on behalf of the state that "The school fund is a trust fund, and is placed by the constitution beyond the power of the legislature to divert it to any other use than the support of the schools of the state" (*State ex rel. Sweet v. Cunningham,* 88 Wis. 81, 57 N. W. 1119, 59 N. W. 503), and that a statute barring recovery of the clear proceeds of fines and penalties collected in criminal cases by municipalities is an indirect diversion of such money from the school fund such as is not permitted by the constitutional provision creating the fund. The context of the constitutional provision contains no express prohibition on the

power of the legislature to enact laws in respect to it, and therefore it is to be presumed that it was intended that the legislature was to exercise its legislative power as to this fund in all ways in which it is appropriately empowered to prescribe regulations for the protection and enforcement of rights pertaining to matters of like nature. This proposition the attorney general concedes, but claims that the relation of the state to this fund is that of a trustee of an express trust, and that the constitutional provision creating it clearly implies that any statute which limits the state in enforcing the collection of moneys for the benefit of such fund constitutes in effect a regulation by which money becomes diverted therefrom. But we discover nothing in the nature of the right to such moneys for the benefit of this fund different from the rights the state has to moneys due it for other purposes, wherein, as we have pointed out, the state has by legislative action voluntarily submitted itself to the limitation statutes as they apply to private individuals. We perceive nothing in the provisions of the constitution that prohibits the legislature from applying limitation statutes to bar recovery by the state of moneys for the benefit of this fund.

It is claimed furthermore that the statutes of limitation do not apply to the demand in this cause because the state is acting in the capacity of a trustee of an express trust as to this fund. The principle thus invoked applies only in equitable actions between the trustees of an express trust and the *cestuis que trustent,* which is not the case here. This is an action for a money demand by the state, the trustee, for the benefit of this fund, against a third party, and hence is not within the exception contended for by the state. *Howell v. Howell,* 15 Wis. 55; *Boyd v. Mutual F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Williams v. Williams,* 82 Wis. 393, 52 N. W. 429; Wood, Limitations (3d ed.) sec. 200.

The contention that the provisions of sec. 4229, Stats., making the limitations prescribed by statute, within which

actions must be commenced after the cause of action accrues, applicable to the state, apply only to actions wherein it seeks to enforce demands in its proprietary capacity, is not well founded, and is repudiated by the decision of this court. The subject was involved in *State v. C. & N. W. R. Co.* 132 Wis. 345, 112 N. W. 515, and it was there held that the limitation statutes applied to a cause of action for unpaid license money due from the railroad in lieu of taxes. That was certainly a demand due the state in its governmental function and not in its proprietary capacity, but it was there considered that the limitation statutes were applicable to such a demand; and we find no good reason for departing from the ruling in that case. A ruling to the same effect was made by the supreme court of Minnesota in the case of *St. Paul v. C., M. & St. P. R. Co.* 45 Minn. 387, 48 N. W. 17, the court declaring that the reasons for applying the limitation statutes to the state existed "with equal force when brought to assert what is denominated a 'sovereign right' . . . as when brought to assert a right such as a private person may possess."

The cases decided by the Indiana court are not applicable here. There the constitutional provisions creating the school fund provide that the portion of the fund held by a county shall be held by it in the capacity of an express trustee, and hence a suit against it by the state as beneficiary of the trust fund exempted the cause of action from the limitation statute, upon the ground that the trustee of an express trust cannot interpose the defense of the statute of limitations in such an action.

We are persuaded that the trial court ruled correctly that the demurrers must be overruled as to all the demands specified in the order.

*By the Court.*—The order appealed from is affirmed.

TIMLIN, J., took no part.

The appellant moved for a rehearing.

In support of the motion there was a brief by the *Attorney General* and *Russell Jackson,* deputy attorney general; and in opposition thereto a brief for the respondent city by *Daniel W. Hoan,* city attorney, and *Wm. H. Timlin, Jr.,* first assistant city attorney, and a brief for the respondent county by *Edward J. Yockey,* district attorney, and *William L. Tibbs,* special assistant district attorney.

The motion was denied on February 18, 1913.